EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRAM M. ALDEN (Cal. Bar No. 272858)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3898
    Facsimile: (213) 894-0141
    E-mail:   bram.alden@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 16-582-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT DENNIS LIU |
| v. | |
| DENNIS C. LIU, | Sentencing Date: 2/22/17<br>Sentencing Time: 3:00 p.m.<br>Location: Courtroom of the<br>Hon. Dolly M. Gee |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Bram Alden, hereby submits its Sentencing Position relating to defendant Dennis Liu ("defendant").

    The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing. The government respectfully requests the opportunity to

supplement its position or respond to defendant as may become necessary.

Dated: February 3, 2017　　　　　　　Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

　/s/ Bram Alden　　　　　　　　　
BRAM M. ALDEN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On October 17, 2016, defendant Dennis Liu ("defendant") pleaded guilty to count one of the indictment in United States v. Liu, Case No. 15-CR-107-AJS-1 (W.D. Pa.), charging him with computer fraud in violation of 18 U.S.C. §§ 1030(a)(2)(C) and (c)(2)(B)(i). Defendant's plea was entered pursuant to a plea agreement that was filed with this Court on August 24, 2016, after this case was transferred from the Western District of Pennsylvania to this district pursuant to Rule 20 of the Federal Rules of Criminal Procedure.  (Dkt. 2 ["Plea Agreement"].[1])  In the plea agreement, the parties agreed that the total applicable offense level is 10, including a 2-level reduction for acceptance of responsibility.  (Id. ¶ 14.)  The parties further agreed that, taking into account the factors listed in 18 U.S.C. § 3553(a) and the relevant Sentencing Guidelines, a sentence of probation with a condition of six months' home detention is appropriate.  (Id. ¶ 17.)  Based upon the parties' agreement and the appropriate sentencing considerations under 18 U.S.C. § 3553(a), the United States recommends that the Court impose a sentence of: (1) three years' probation with a condition of six months' home detention, (2) restitution in the total amount of $38,416.15, and (3) a $100 special assessment.

**II.  GOVERNMENT'S SENTENCING POSITION**

As set forth in the parties' plea agreement and as defendant admitted at the change of plea hearing, in February 2014, victim "M.C." was a student at Carnegie Mellon University, and defendant was

---

[1] "Dkt." refers to entries on this Court's docket in United States v. Liu, Case No. 16-CR-582-DMG.

a student at the University of California, Davis.  (Id. ¶ 12.) Without M.C.'s knowledge or authorization, defendant possessed the username and password to access M.C.'s college student information online ("SIO") account.  (Id.)  From his student housing apartment, defendant accessed M.C.'s SIO account and thereby surreptitiously viewed and altered M.C.'s personal financial information in an attempt to transfer funds from the SIO account into a bank account that defendant created.  (Id.)  Defendant also used M.C.'s personal identifying information to open credit card accounts and make purchases that resulted in a total loss to businesses and merchants of $38,416.15.  (Id.)

Based on defendant's conduct, the parties and the United States Probation Office ("USPO") all agree that defendant's base offense level is six, he is subject to sentencing enhancements of four levels for loss amount and two levels for committing computer fraud with an intent to obtain personal information, and he is entitled to a two level sentencing reduction for acceptance of responsibility.  (Id. ¶ 14; Dkt. 21 [Presentence Report ("PSR")] ¶¶ 15-23.)  As a result, defendant's total offense level is 10.  (Plea Agreement ¶ 14; PSR ¶ 24.)  Defendant has no prior criminal history, resulting in a level I criminal history category.  (PSR ¶¶ 26-30.)  Although a total offense level of 10 in criminal history category I yields a guidelines range of 6-12 months' imprisonment (PSR ¶ 61), because the range falls within Zone B of the Sentencing Table, the guidelines provide that a sentence of probation may be appropriate if "the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention." U.S.S.G. § 5B1.1(a)(2).  The guidelines further recommend that if

2

probation is imposed, the term should be "at least one year but no more than five years." U.S.S.G. § 5B1.2(a)(1).

As set forth in both defendant's sentencing position and the Presentence Report, defendant has struggled with drug addiction. (See PSR ¶¶ 45-49; Dkt. 22 ["Defendant's Sentencing Position"] at 2.) Defendant has accepted responsibility for his wrongdoing and participated in substance abuse treatment. (See PSR ¶ 13; Defendant's Sentencing Position at 2.) Defendant represents that he has now made full restitution to the businesses that suffered losses as a result of his wrongdoing, and the government has no reason to doubt that representation. (Defendant's Sentencing Position at 3.) Taking into account the circumstances of the offense, the harm caused, and the mitigating factors, the parties have agreed that a sentence of probation with a condition of six months' home detention represents a reasonable sentence that is sufficient and no greater than necessary. (Plea Agreement ¶ 17.) The USPO recommends that the term of probation be three years but that no period of home detention be imposed. (Dkt. 20 ["USPO Recommendation Letter"] at 2, 5.) Defendant proposes a sentence of one year probation with a six month period of home detention. (Defendant's Sentencing Position at 24.)

The government agrees with the USPO that a three-year term of probation is appropriate, but the government disagrees with the USPO's recommendation against home detention. As the USPO acknowledges, a sentence without any period of home detention would be a variance below the advisory guideline range for defendant's offense. (USPO Recommendation Letter at 5; see also U.S.S.G. § 5B1.1(a)(2) (recommending that probation be authorized only if home detention is imposed).) Here, where defendant impermissibly accessed

3

a victim's college student account and used that victim's personal identifying information to open multiple credit card accounts, thereby causing losses of tens of thousands of dollars to multiple businesses, a below-guidelines sentence would not sufficiently advance the sentencing factors set forth in 18 U.S.C. § 3553(a).  A six-month period of home detention (with conditions permitting defendant to continue working and/or receiving education) is necessary to ensure that defendant does not relapse into addiction or commit any further crimes.  See 18 U.S.C. §§ 3553(a)(2)(B)-(D).  In addition, a sentence at the low end, but not below, the guidelines range would appropriately reflect the seriousness of defendant's offense, promote respect for the law, and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).  A guidelines sentence would also avoid unwarranted sentencing disparities among similarly situated defendants.  See 18 U.S.C. § 3553(a)(6); United States v. Becerril-Lopez, 541 F.3d 881, 895 (9th Cir. 2008) (guidelines sentence ordinarily avoids unwarranted disparity).

///

///

## III. CONCLUSION

For the foregoing reasons, the government recommends that the Court impose a sentence of three years' probation, $38,416.15 in restitution, and a $100 mandatory special assessment.

Dated: February 3, 2017　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　EILEEN M. DECKER
　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　LAWRENCE S. MIDDLETON
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　Chief, Criminal Division

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　BRAM M. ALDEN
　　　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　UNITED STATES OF AMERICA

5